630 A.2d 561

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Thomas M. MARPOE, II and Melinda M. Marpoe, his wife.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 1993.

Decided Aug. 16, 1993.

Timothy P. Wile, Asst. Counsel In Charge of Appellate Section, for appellant.

No appearance for appellee.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an

order of the Court of Common Pleas of Cumberland County (trial court) sustaining the appeal of Thomas M. Marpoe, II and Melinda M. Marpoe, husband and wife, (Marpoes)[1] to two three-month automobile registration suspensions imposed pursuant to Section 1786(d) of the Financial Responsibility Law (Law).[2]

Thomas M. Marpoe is the sole registered owner of a 1986 Mercury Lynx automobile. Melinda M. Marpoe is the sole registered owner of a 1985 Mitsubishi Staron automobile. Effective April 24, 1992, insurance coverage for both vehicles lapsed. The Marpoes refrained from operating either vehicle until May 30, 1992, when both vehicles were reinsured. However, because the lapse in insurance coverage was longer than 21 days, PennDOT issued two notices of registration suspension on August 31, 1992, one for each automobile, each to begin on October 6, 1992, and last for a period of three months.

■ Marpoes appealed both vehicle registration suspensions to the trial court in a single appeal. The Marpoes contended that the suspensions were improper because Section 1786(d), the provision under which PennDOT acted, authorizes the suspension of registration only until new insurance is obtained, not for the 90 days imposed by PennDOT. The trial court agreed and vacated both of the three-month suspensions imposed by PennDOT. From this order, PennDOT appealed.[3]

## I.

■ Initially, we must resolve PennDOT's contention that because the Marpoes filed only a single appeal from the two

1. The Marpoes were precluded from filing a brief in this matter, having failed to comply with the briefing schedule.

2. 75 Pa.C.S. § 1786(d).

3. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the lower court made an error of law or committed an abuse of discretion in coming to a decision. *Department of Transportation, Bureau of Driver Licensing v. Monsay*, 142 Pa.Commonwealth Ct. 163, 166, 596 A.2d 1269, 1270 (1991).

separate notices of suspension, only one of those notices was properly before the trial court and subject to reversal. Although PennDOT admits that it did not raise this issue before the trial court, it contends that under our holding in *Commonwealth of Pennsylvania, Department of Transportation v. Vento,*[4] 120 Pa.Commonwealth Ct. 211, 548 A.2d 385 (1988), the filing of a single appeal to two notices of suspension constituted a jurisdictional defect which may be raised at any time.

PennDOT's reliance on *Vento* is misplaced. *Vento* concerned a case where a single suspension was appealed to the trial court, which, on its own, proceeded to rule on other suspensions not raised in the appeal. Here, unlike the circumstances presented in *Vento,* the appeal filed by the Marpoes specifically addressed each suspension separately, praying that each be reversed. In *Posel v. Redevelopment Authority of Philadelphia,* 72 Pa.Commonwealth Ct. 115, 456 A.2d 243 (1983), a case dealing with two orders appealed from in a single filing, we pointed out that although this practice was disapproved, where "[the appellant] made no motion to this Court to quash the appeal or any part of it", certain circumstances justified such a combined filing. *Id.* at 117, n. 5, 456 A.2d at 244, n. 5 (citing *Philadelphia Federation of Teachers v. Board of Education,* 458 Pa. 342, 327 A.2d 47 (1974). In *Philadelphia Federation of Teachers,* while the Supreme Court stated again that the practice was not to be condoned, Supreme Court nonetheless addressed the merits of two separate orders raised in a single filing, its impropriety not having been raised below. *Id.* 458 Pa. at 346, n. 5, 327 A.2d at 50, n. 5. In neither of these cases nor in any of the cases dealing with this issue[5] has it been held that the matter at issue is

---

**4.** PennDOT also relies on our decision in *Commonwealth of Pennsylvania, Department of Transportation v. Slack,* 153 Pa.Commonwealth Ct. 4, 623 A.2d 364 (1992), *overruled, Commonwealth of Pennsylvania, Department of Transportation v. Buss,* 154 Pa.Commonwealth Ct. 118, 623 A.2d 369 (1993). Having been overruled, it is of no precedential value.

**5.** *See, e.g., General Electric Credit Corp. v. Aetna Cas. & Sur. Co.,* 437 Pa. 463, 263 A.2d 448 (1970); *Clark v. Clark,* 411 Pa. 251, 191 A.2d 417

jurisdictional, merely that it is improper under the rules. Accordingly, a motion to quash not having been filed in the trial court, we will not address this issue. *Accord Rutledge v. Commonwealth of Pennsylvania, Department of Transportation,* 97 Pa.Commonwealth Ct. 98, 508 A.2d 1306 (1986).

## II.

The main issue on appeal is whether Section 1786(d) authorizes PennDOT to impose a vehicle registration suspension until new insurance is obtained, or, as PennDOT contends, for a set period of three months. Section 1786(d) provides in part:

(d) **Suspension of registration and operating privileges.** *The Department of Transportation shall suspend the registration of a vehicle if it determines that the required financial responsibility was not secured as required by this chapter and shall suspend the operating privileges of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.* The operating privilege shall not be restored until the restoration fee for the operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and the

(1963); *Frailey Twp. School District v. Schuylkill Mining Co.,* 361 Pa. 557, 64 A.2d 788 (1949).

owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(d) (emphasis added).

PennDOT argues that Section 1786(d) authorizes a 90–day vehicle registration suspension once there has been a 21–day lapse in insurance coverage, i.e., once registration is suspended, the vehicle cannot be operated for 90 days. It contends that the 90–day suspension penalty set forth in the second clause of the provision applies to both registration and operating privileges.

PennDOT's contention is based on the statute being "far from a model of clarity and ... ambiguous to the length of a vehicle registration's suspension as a result in lapse of insurance coverage". Because of this perceived ambiguity, it states that we must resort to statutory construction principles to interpret the statute, which would result in a construction of Section 1786(d) imposing a 90–day suspension. Specifically, PennDOT argues that the trial court failed to afford the proper deference to the interpretation it has given the Law and an examination of prior law and regulation and the practical effect that not suspending for 90 days shows that the Legislature intended the vehicle registration suspension to be for 90 days.

Unlike PennDOT, we do not believe that we must resort to the principles of statutory construction because the statute is unambiguous. *See* 1 Pa.C.S. § 1921(b). By its plain language, it only authorizes a vehicle registration suspension until insurance for the vehicle is obtained. As the trial court stated in this manner:

By imposing a three-month suspension of petitioner[s'] registration privilege[s], as contrasted to an *operating* privilege, the Department has misapplied the specific penalty for the *operation* of a vehicle that lacks financial responsibility by confusing it with the penalty for *maintaining* an uninsured registered vehicle. As noted in *Koch v. Pennsylvania Department of Transportation*, 111 Dauphin 28 (1991), the confusion arises due to:

[t]he incorporation of two separate penalties within the single opening sentence of 75 Pa.C.S. § 1786(d)—the right to suspend a motorist's **registration** if he fails to maintain financial responsibility, and the second, and distinct, power to suspend his **operating** privileges for three months if he operates his vehicle, or allows it to be operated, without insurance coverage. The latter penalty is the only one to which the three-month period applies; and we see nothing in the statute's language that indicates that this language can be, or was meant to be, transferred to any other sanction. This determination to maintain distinction between these two penalties is further underlined by the fact that the second sentence of § 1786(d) provides for the method of reinstating one's operating privileges while the third sentence sets forth a parallel, but separate, approach to securing a restoration of one's registration. Since this statute was drawn to allow for the fact that one can allow one's insurance to lapse, without compounding the offense by driving the uninsured vehicle in the interim, it would blur the legislative purpose of this law if we were to treat those two transgressions as interchangeable.

(Opinion of Oler, J., at 5).[6]

The General Assembly has only made it a violation to operate a vehicle which is not registered, not for not having the money to pay insurance premiums or forgetting to renew an automotive insurance policy. Under this provision, when proof of financial responsibility is submitted to PennDOT (and the required fees paid), registration will be reissued. We cannot ignore this plain expression of the General Assembly to envisage a penalty where none exists.

Having concluded that Section 1786(d) is unambiguous on its face and giving the Section its plain and natural meaning, it

---

6. In *Koch v. Commonwealth of Pennsylvania, Department of Transportation,* 13 D. & C. 4th 97 (Dauphin Co. 1991), *vacated and remanded,* 151 Pa.Commonwealth Ct. 638, 616 A.2d 209 (1992), we did not reach the merits of the issue. We quashed the appeal because the notice of suspension issued at that time did not constitute a final order.

is clear that the trial court did not err in its holding that only an indefinite suspension of registration is authorized upon a mere lapse in financial responsibility.

Accordingly, we affirm on the basis of the well-reasoned order of Judge Oler of the Court of Common Pleas of Cumberland County.

## ORDER

AND NOW, this 16th day of August, 1993, the order of the Court of Common Pleas of Cumberland County, No. 3450 Civil 1992, dated November 12, 1992, is affirmed