631 A.2d 1114

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Pauline C. HAFELE.

Commonwealth Court of Pennsylvania.

Submitted July 9, 1993.

Decided Sept. 23, 1993.

494

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

James M. McMaster, for appellee.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, (DOT) appeals from the January 25, 1993 order of the Honorable William Hart Rufe, III, of the Court of Common Pleas of Bucks County, sustaining the statutory appeal of Pauline C. Hafele (Hafele) from a DOT notice suspending her vehicle registration for three months pursuant to Section 1786(d) of the Financial Responsibility Law (the Law).[1] We affirm.

The narrow question on appeal is whether Section 1786(d) authorizes DOT to suspend registration only until financial responsibility is restored, or as DOT contends, authorizes DOT to impose a three-month registration suspension, following the restoration of financial responsibility.

██ Our scope of review in the appeal from the suspension of a vehicle registration is limited to determining whether the trial court's findings are supported by substantial evidence, or whether the trial court committed an error of law or manifest abuse of discretion. *Cosom v. Department of Transportation Bureau of Motor Vehicles,* 132 Pa.Commonwealth Ct. 399, 572 A.2d 1321 (1990).

Section 1786 of the Code provides in pertinent part:

(a) **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or

1. 75 Pa.C.S. § 1786(d).

currently registered shall be covered by financial responsibility.

. . . .

**(d) Suspension of registration and operating privilege.—** The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

> (1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(d) (1992 legislation substituted "31" for "21" in Section 1786(d)(1)).

The period of lapse of Hafele's financial responsibility is undisputed. The Allstate Insurance Company (Allstate) cancelled the insurance on Hafele's 1983 Toyota effective May 16, 1992. Allstate reinstated coverage for the vehicle on August 13, 1992. Thus, for a period of eighty-eight days, Hafele had no insurance coverage on her vehicle. On September 15, 1992, DOT notified Hafele of the suspension of her

registration for three months, effective October 21, 1992, for failure to maintain insurance coverage as required by the Law. However, the trial court found that no evidence was presented that Hafele operated or permitted the operation of her vehicle during the period of lapse of financial responsibility.

Hafele appealed the three-month suspension. The trial court sustained Hafele's appeal. Based upon the plain language and legislative intent of the statute, the court determined that DOT's authority under the Law to impose a three-month suspension applies only to the operating privileges of the owner or registrant where DOT finds that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. According to the court, the suspension of vehicle registration remains in effect indefinitely until the owner or registrant has provided DOT with proof of financial responsibility and paid the restoration fee. The court concluded that *"[n]owhere* in the legislation is there a provision for an additional punishment of three months registration suspension *after* the owner or registrant has provided to PennDOT proof that financial responsibility has been restored on the vehicle." (Trial court's January 25, 1993 opinion at 5).

On appeal, DOT argues that Section 1786(d) "is far from a model of clarity and is ambiguous with respect to the duration of the registration suspension imposed as a result of a lapse in financial responsibility." (DOT's Brief at 10). Therefore, DOT argues, that under the canons of statutory construction, as the agency charged with execution of the Law, this court must give weight and deference to DOT's interpretation of Section 1786(d). According to DOT, Section 1786(d) authorizes a three-month registration suspension for lapse of financial responsibility and a three-month operating privilege suspension if DOT finds that the vehicle was operated during the period of lapse of financial responsibility.

Our recent decision in *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Commonwealth Ct. 603, 630 A.2d 561 (1993) which involved nearly identical factual circumstances, is dis-

positive of our case. In *Marpoe,* we determined that we need not resort to the canons of statutory construction because Section 1786(d) is unambiguous with respect to the duration of a registration suspension. Following *Marpoe,* the plain and natural meaning of the language of Section 1786(d) authorizes DOT to suspend registration until financial responsibility is restored. The three-month suspension applies only to operating privileges where DOT has determined that the vehicle was operated during the period of lapse of financial responsibility.

Accordingly, we affirm the opinion and order of the trial court.

## ORDER

**AND NOW,** this 23rd day of September, 1993, the order of the Court of Common Pleas of Bucks County, dated January 15, 1993, at No. 92–09456–09–6 is hereby affirmed.