641 A.2d 624

Catherine A. WILL,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Jan. 21, 1994.

Decided April 13, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

No appearance for the appellee.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of Common Pleas of Allegheny County dated May 26, 1993, sustaining the statutory appeal of Catherine A. Will from a DOT notice suspending her vehicle registration for three months pursuant to Section 1786(d) of the Motor Vehicle Financial Responsibility Law (Law).[1]

Will was notified that insurance coverage for a vehicle titled and registered in her name had been cancelled, effective July 14, 1992, for non-payment of the policy premium. After receiving notice of the cancellation from her insurer, DOT requested financial responsibility information from Will. She failed to provide that information, and DOT, on October 20, 1992, issued a notice to Will that her vehicle registration was being suspended for three months effective November 25, 1992, pursuant to Section 1786(d) of the Law, 75 Pa.C.S. § 1786(d).

1. 75 Pa.C.S. § 1786(d).

On November 18, 1992, pursuant to Section 1377 of the Law, 75 Pa.C.S. § 1377, Will filed a statutory appeal in the court of common pleas. Before the trial court, Will admitted ownership of the vehicle, but stated that, on July 10, 1992, she had returned the vehicle to the seller, an automobile dealership where she had purchased the vehicle, because the transmission needed to be replaced. She further testified that she was hospitalized on July 20, 1992, and that she allowed her insurance to lapse because she felt the car was a "lemon" and wanted the dealer to take it back. Eventually, however, the dealer forced Will to pay for the repairs, so she procured new insurance effective November 6, 1992, the date she retrieved the vehicle from the dealer and paid for the repairs.

The trial judge believed Will's testimony that she had not operated her vehicle during the lapse in insurance coverage and based on that finding, the court sustained Will's appeal. This appeal by DOT followed.

On appeal, DOT argues that the trial court erred in sustaining Will's appeal because Will failed to establish that she fit within any exception to the mandatory vehicle registration suspension established by Section 1786 of the Law. DOT asks us to vacate the trial court's order and reinstate the three month suspension of Will's vehicle registration.

Sections 1786(a) and (d) of the Law provide, in relevant part:

(a) **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

. . . .

(d) **Suspension of registration and operating privilege.**— The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or

permitted the operation of the vehicle without the required financial responsibility. . . . Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration provided by Section 1960. This subsection shall not apply in the following circumstances:

> (1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility was for a period of less than 31 days *and* that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(a) and (d) (emphasis added).

■  Here, while the trial court found that Will had not operated her vehicle during the lapse in financial responsibility, Will herself admitted that the duration of the lapse was more than three months (from July 14, 1992 until November 6, 1992). Hence, Will cannot fit within the exception to Section 1786(d) of the Law, because that section requires her to prove not only that the vehicle was not operated during the lapse in financial responsibility but *also* that the lapse was for less than 31 days in duration. 75 Pa.C.S. § 1786(d)(1). Because the lapse in Will's financial responsibility was longer than 31 days, we are obliged to hold that the trial court erred in that respect in sustaining her appeal.

■  DOT now asks us to reinstate the three month suspension of Will's vehicle registration, which it had imposed effective November 25, 1992. This we cannot do, because Section 1786(d) of the Law, does not authorize a three month suspension of Will's vehicle registration.[2] *Department of*

---

2. We note that although Will was precluded from filing a brief, and has waived all issues and theories of law, the law itself cannot be waived, nor may a court grant a remedy not authorized by law. Section 562 of the Judicial Code, 42 Pa.C.S. § 562; Pa.R.A.P. 2116; *see Sacco v. City of Scranton,* 115 Pa. Commonwealth Ct. 512, 540 A.2d 1370 (1988),

*Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa. Commonwealth Ct. 603, 630 A.2d 561 (1993), *petition for allowance of appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994); *see also Department of Transportation, Bureau of Driver Licensing v. Hafele,* 158 Pa. Commonwealth Ct. 493, 631 A.2d 1114 (1993). In *Marpoe,* we determined that the unambiguous language of Section 1786(d) of the Law authorizes DOT to suspend vehicle registration only until such time as the registrant provides DOT with proof of restored financial responsibility. *Id.*

Quite simply, DOT was without authority to suspend the registration of Will's automobile for three months. Here, DOT concedes that Will restored insurance coverage for her vehicle on November 6, 1992. Had DOT imposed a proper suspension of Will's vehicle's registration, it would have had no legal alternative but to lift the suspension as of November 6, 1992. DOT never suspended Will's operating privileges.

Based on the foregoing discussion, we affirm the trial court's order on the basis of *Marpoe. See generally Kraiser v. Horsham Township,* 72 Pa. Commonwealth Ct. 16, 455 A.2d 782 (1983) (a trial court decision may be affirmed on appeal when the result below was correct although the grounds relied upon by the trial court may have been incorrect).

## *ORDER*

NOW, April 13, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

*petition for allowance of appeal denied,* 524 Pa. 601, 568 A.2d 1251 (1989).