Franz J. KOLLER, Jr.

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1995.

Decided Jan. 12, 1996.

Timothy P. Wile, Assistant Counsel In-Charge Appellate Section, for appellant.

No appearance for the appellee.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Butler County (trial court) that sustained the statutory appeal of Franz J. Koller, Jr. (Koller) from a three month suspension of his motor vehicle's registration pursuant to Section 1786(d) of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1786(d).[1] We reverse.

Koller was notified that insurance coverage for a vehicle titled and registered in his name had been cancelled effective May 6, 1994, for non-payment of the policy premium. By official notice dated August 1, 1994, DOT notified Koller that the vehicle's registration was being suspended for a period of three months pursuant to Section 1786(d) of the Law for failure to maintain financial responsibility.

On August 25, 1994, pursuant to Section 1377 of the Law, 75 Pa.C.S. § 1377, Koller filed a statutory appeal in the trial court. Before the trial court Koller admitted that he allowed the insurance coverage for his vehicle to lapse, but that the vehicle was inoperable. Koller stated that he used another vehicle during this period. Finally, Koller testified that he was unaware of the requirement that he surrender the vehicle's registration plate upon termination of financial responsibility and he did not learn of the requirement until he received the notice from DOT in August of 1994.

The trial court accepted Koller's testimony as credible that he had not operated the vehicle during the period of the lapse in financial responsibility and concluded that the legislative intent behind Section 1786 is to ensure that vehicles being operated on the highways are insured. Based upon these findings, the trial court sustained Koller's appeal. This appeal by DOT followed.

■ On appeal, DOT argues that the trial court erred in sustaining Koller's appeal on the basis that the vehicle was inoperable during a period when the financial responsi-

---

**1.** Section 1786 of the Law in effect at the time of the alleged violation provided in pertinent part:

**§ 1786. Required financial responsibility.**
(a) **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.
\* \* \* \* \* \*
(d) **Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.... This subsection shall not apply in the following circumstances:
(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
\* \* \* \* \* \*
(g) **Defenses.**—

(1) No person shall be convicted of failing to produce proof of financial responsibility under this subchapter or section 3743 (relating to accidents involving damage to attended vehicle or property) or 6308 (relating to investigation by police officers) if the person produces, at the office of the issuing authority within five days of the date of the violation, proof that he possessed the required financial responsibility at the time of the violation.
(2) No person shall be penalized for maintaining a registered motor vehicle without financial responsibility under subsection (d) if the registration plate and card were voluntarily surrendered to the department or a decentralized agent appointed by the department to issue temporary registration cards and plates pursuant to regulations promulgated by the department at the time insurance coverage terminated or financial responsibility lapsed. The department or the decentralized agent, as the case may be, shall issue a receipt showing the date that the registration plate and card were received. The decentralized agent shall return the registration plate and card to the department accompanied by a copy of the receipt.
Section 1786 was subsequently amended by Act No. 115, December 7, 1994.

bility was not secured as required.[2] We agree.[3]

 Section 1786 was amended on February 10, 1994, effective immediately. This amendment to subsection (d) specifically mandates a three month suspension of a vehicle's registration when the required financial responsibility is not secured.[4] Section 1953 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1953, states:

> Whenever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment, *and the new provisions shall be construed as effective only from the date when the amendment became effective.*

(emphasis added). The amendment was effective before and during the lapse in Koller's financial responsibility between May 6 and October 29, 1994.[5] DOT had no discretion and had to suspend. Therefore, we are constrained to conclude the trial court erred.

Accordingly, we reverse.

2. We note that although Koller was precluded from filing a brief, and has waived all issues and theories of law, the law itself cannot be waived, nor may a court grant a remedy not authorized by law. Section 562 of the Judicial Code, 42 Pa.C.S. § 562; Pa.R.A.P. No. 2116.

3. Our scope of review in a vehicle registration suspension case is limited to determining whether the findings of fact are supported by competent evidence of record, an error of law was committed, or whether the trial court manifestly abused its discretion. *Commonwealth, Department of Transportation v. Shepley*, 161 Pa. Cmwlth. 314, 636 A.2d 1270 (1994).

4. We note that Section 1786 of the Law has been amended several times since its original effective date of October 12, 1984. Most recently, Section 1786 was amended on December 7, 1994, effective immediately. As a result of the December 7, 1994, amendment, subsections (g)(2), (h)(1) and

---

### ORDER

AND NOW, to wit, this 12th day of January, 1996, the order of the Court of Common Pleas of Butler County at No. 94–40291, and dated January 3, 1995, is reversed and the three month suspension of the vehicle registration imposed by DOT is reinstated.

(h)(2) were modified. Amended subsections (g)(2), (h)(1) and (h)(2) provide for the surrender of the registration plate and card to a full agent designated by DOT. There is an added requirement that a receipt (showing that the plate and card were surrendered) is necessary to obtain reinstatement of a voluntarily surrendered plate and card.

5. Previous decisions of this court, interpreting the pre-amendment version of Section 1786, declared that Section 1786 of the Law authorized DOT to suspend a vehicle's registration only until such time as the registrant provided proof of restored financial responsibility. *Cf. Will v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 163 Pa.Cmwlth. 348, 641 A.2d 624 (1994), *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Marpoe*, 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994).