Alan ERIMIAS

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.
Decided Feb. 14, 1996.

Timothy P. Wile, Assistant Counsel In-Charge, for Appellant.

No appearance entered for Appellee.

Before COLINS, President Judge, and McGINLEY, J., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the May 8,

1995 order of the Court of Common Pleas of Mercer County which granted Alan Erimias' (Erimias) appeal from a three-month suspension of his vehicle's registration imposed by DOT pursuant to Section 1786(d) of the Vehicle Code (Code), *as amended,* 75 Pa.C.S. § 1786(d).

The relevant facts are undisputed. Erimias is the owner of a motor vehicle registered in Pennsylvania. On October 2, 1994, Erimias' insurance policy for his vehicle lapsed due to his inability to make both the insurance and loan payment. Erimias obtained replacement insurance effective December 20, 1994.

On February 3, 1995, Erimias was notified that the vehicle's registration was being suspended, as a result of a lapse in financial responsibility and pursuant to the mandate set forth in the recently amended 75 Pa.C.S. § 1786(d). On March 6, 1995, Erimias filed his pro se appeal.

On May 4, 1995, the trial court held a hearing de novo. DOT offered documentary evidence establishing that the insurance policy on Erimias' vehicle was cancelled on October 2, 1994. Erimias admitted this coverage lapse, but testified that his replacement insurance became effective December 20, 1994, and that nobody operated the vehicle during this period.

■ The Court granted Erimias' appeal and directed that the vehicle's registration be restored.[1] Having set forth its reasoning at trial, the court declined to file an opinion.[2] (R.R. p. 34a). DOT appeals.[3]

1. The lower court's order mistakenly directs restoration of Erimias' "license," as opposed to the "registration" suspended by DOT.

2. The court entered the instant restoration order, reasoning that, "I just can't believe the law is so hard-hearted under these circumstances that they are going to take a man who's been on Welfare, is now at least trying to make a living, to knock him out of his job ... But I'm going to give you a break ... It's just—I don't know, the law can't be that hard-hearted. I don't think." (R.R. p. 16a–17a).

3. Our scope of review in the appeal from the suspension of a vehicle registration is limited to determining whether the trial court's findings

The relevant portions of 75 Pa.C.S. § 1786 provide:

(a) **General Rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

. . . .

(d) **Suspension of Registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter ... This subsection shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

■ Financial responsibility coverage on Erimias' motor vehicle lapsed for 79 days. This lapse exceeds the 31 day exception set forth in subsection (d)(1) above. Under the amended statute, that DOT is required to suspend this vehicle's registration for 90 days.[4]

This Court therefore holds that the lower court committed an error of law and accordingly, we reverse the order reinstating Erimias' registration.

are supported by substantial evidence, or whether the trial court committed an error of law or manifest abuse of discretion. *Dep't of Transportation, Bureau of Driver Licensing v. Hafele,* 158 Pa.Cmwlth. 493, 631 A.2d 1114 (1993).

4. Prior to the 1994 amendments, DOT only had the authority to impose a registration suspension until the registrant provided proof that financial responsibility was restored. *Will v. Dep't of Transportation, Bureau of Driver Licensing,* 163 Pa.Cmwlth. 348, 641 A.2d 624 (1994). Moreover, while we empathize with Judge Stranahan's sentiments, we are precluded by 75 Pa.C.S. § 1786(d), as amended, and subsection (d)(1) from ruling otherwise.

## ORDER

AND NOW, this 14th day of February, 1996, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is hereby REVERSED.

