**Stacey DILLON**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted April 4, 1996.

Decided July 12, 1996.

Timothy P. Wile, Asst. Counsel In–Charge, for appellant.

No appearance entered for appellee.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), which sustained the statutory appeal of Stacey Dillon (Dillon) from a three-month suspension of the registration of her 1973 Jeep Commando (Jeep), imposed by DOT in accordance with Section 1786(d) of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1786(d), as a result of a lapse in financial responsibility for more than thirty days on the Jeep. We reverse.

The facts in this case are undisputed. On December 1, 1994, Dillon took her Jeep to Edward Pinto (Pinto) for extensive restoration work. Because Pinto told Dillon that the vehicle would remain in the repair shop and would not be completed until February, Dillon allowed the policy of liability insurance on the vehicle to lapse.

On January 27, 1995, Progressive Casualty Insurance Company (Progressive) informed DOT, through an electronic transmission, that the liability insurance covering the Jeep owned by Dillon had terminated on January 2, 1995, as a result of her non-payment of the policy premium. Dillon obtained replacement liability insurance for the Jeep on February 28, 1995, and received the repaired Jeep from Pinto on March 2, 1995. At no time was the Jeep driven during the period when it was not covered by insurance.

In a notice dated and mailed March 20, 1995, DOT informed Dillon that, because of her failure to provide proof of financial responsibility covering her Jeep, which was requested as a result of Progressive having informed DOT that her policy had lapsed as of January 2, 1995, her vehicle registration would be suspended for three months in accordance with Section 1786(d) of the Law.

Dillon filed an appeal with the trial court which determined that, although Dillon had a lapse in coverage for more than thirty days,

she credibly testified that she did not operate the Jeep during that time. As such, the trial court sustained her appeal.

■ On appeal to this court, DOT contends that the trial court erred in sustaining Dillon's appeal as she failed to establish that she fit within any of the exceptions to the mandatory vehicle registration suspension contained in Section 1786 of the Law.[1]

DOT suspended Dillon's registration on Dillon's Jeep based on the provisions contained in Section 1786(a) and (d) of the Law, which provides in pertinent part:

§ 1786. **Required financial responsibility**

(a) **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

. . . .

(d) **Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the **registration** of a vehicle **for a period of three months** if it determines the required financial responsibility was not secured as required by this chapter **and** shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the **operation** of the vehicle without the required financial responsibility. ... This subsection shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(a) and (d) (emphasis added.)

■ In this case, the trial court determined that Dillon, the owner of the vehicle, did not operate her car during the lapse in insurance coverage. There is no dispute, however, that the lapse in coverage from January 2, 1995, to February 28, 1995, was longer than thirty days. Dillon does not, therefore, fit within the exception to Section 1786(d) of the Law because that section requires Dillon to prove not only that she did not drive the vehicle but that the lapse in insurance was for less than 31 days.

The trial court sustained Dillon's appeal on the ground that she showed good faith in not operating her vehicle during the lapse in financial responsibility, but unfortunately, not only did the legislature not provide such exception to the Law, it specifically amended Section 1786(d) after *Will v. Department of Transportation, Bureau of Driver Licensing*, 163 Pa.Cmwlth. 348, 641 A.2d 624 (1994), to preclude such relief.

In *Department of Transportation, Bureau of Driver Licensing v. Marpoe*, 157 Pa. Cmwlth. 603, 630 A.2d 561 (1993), *petition for allowance of appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994), this court pointed out that Section 1786(d), as it then existed, contained two separate penalties within the opening sentence—(1) the suspension of *registration* until insurance is obtained, and (2) suspension of operating privileges for three months if the vehicle is operated. This interpretation was followed in *Will*. In both *Marpoe* and *Will*, only the first penalty for registration suspension was contested successfully against DOT, who attempted to suspend for three months despite the fact that insurance had been obtained later. On February 10, 1994, after the decision in *Will*, however, Section 1786(d) was amended to insert the words "for a period of three months" also in the first clause pertaining to registration, thereby clearly mandating a three–month suspension of registration for a lapse of insurance, regardless of whether or not the vehicle had been operated during the lapse.

---

1. Our standard of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, whether the court committed an error of law, or whether the court abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

When Section 1786(d) was amended, the legislature did not choose to also add another exception to Section 1786(d) relieving the suspension if the vehicle was not operated in good faith during the lapse and the court cannot now do so.

Because there is no dispute that Dillon's insurance coverage for her Jeep lapsed for more than thirty days, DOT was authorized to impose a three–month suspension by letter dated March 20, 1995, effective April 25, 1995, and we must reinstate it.

Accordingly, the decision of the trial court is reversed.

### ORDER

NOW, July 12, 1996, the Order of the Court of Common Pleas at No. S.A. 1209 of 1995, filed July 13, 1995, is reversed. The suspension imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.