Robert T. WENGLICKI, Jr.

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1998.

Decided May 28, 1998.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

Before the Court is the appeal of the Commonwealth of Pennsylvania, Department of Transportation (Department) to the decision of the Court of Common Pleas of Philadelphia County granting Robert T. Wenglicki, Jr.'s (Wenglicki) statutory appeal of a three-month suspension of his vehicle registration pursuant to Section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d). We reverse.

On October 26, 1996, Keystone Insurance Company (Keystone) canceled a policy of liability insurance that had covered Wenglicki's vehicle. Keystone subsequently notified the Department of that cancellation as it was required to do under 75 Pa.C.S. § 1786(e). On November 12, 1996, the Department sent Wenglicki a financial inquiry letter in which it informed Wenglicki that it had received information that his policy had been canceled as of October 26, 1996 and requested updated financial responsibility information on his vehicle. When Wenglicki failed to produce satisfactory information, the Department notified Wenglicki that, as a consequence of his failure to maintain financial responsibility, the registration of his vehicle was being suspended for three months pursuant to 75 Pa. C.S. § 1786(d).

■ Wenglicki filed a statutory appeal of his registration suspension, and a hearing *de novo* was held in the Court of Common Pleas of Philadelphia County on April 7, 1997. At the hearing, the Department presented certified documentation establishing Wenglicki's lapse of financial responsibility for a period of greater than thirty days. Wenglicki did not refute the Department's contention that financial responsibility had lapsed on his vehicle for a period of over thirty days, but instead provided proof that he currently maintained financial responsibility on the vehicle. The Court of Common Pleas granted Wenglicki's appeal citing this Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), and relying on the fact that at that point Wenglicki had insurance coverage.

■ The Department appeals to this Court contending that the Court of Common Pleas erred by granting Wenglicki's appeal simply because he had insurance at the time of the hearing. We agree.[1]

In deciding cases similar to the one presented here after the 1994 amendments to 75 Pa.C.S. § 1786, this Court has held that subsection (d) mandates a three-month suspension when financial responsibility lapses for more than thirty days. *See Dillon v. Department of Transportation, Bureau of Driver Licensing,* 679 A.2d 291 (Pa.Cmwlth.1996); *Erimias v. Department of Transportation, Bureau of Driver Licensing,* 671 A.2d 788 (Pa.Cmwlth.1996). Section 1786(d), "Suspension of registration and operating privilege," states in pertinent part:

> The Department of Transportation *shall suspend* the registration of a vehicle for a period of *three months* if it determines that required financial responsibility was not secured as required by this chapter.

75 Pa.C.S. § 1786(d) (emphasis added). As it now reads, this section requires that the Department suspend the registration of a vehicle if it determines that the vehicle is not covered by the required financial responsibility. Nothing in this section permits or requires the Department to end the suspension upon a showing of current financial responsibility by the suspended registrant.

The trial court erred by relying on case law and the language therein that interpreted Section 1786(d) prior to the section being amended in 1994. *See Marpoe* (holding that prior to 1994 amendments, Department only had the authority to impose registration suspension until the registrant provided proof that financial responsibility was restored); *see also Will v. Department of Transportation, Bureau of Driver Licensing,* 163 Pa. Cmwlth. 348, 641 A.2d 624 (1994). As such, the Department's suspension of Wenglicki's vehicle registration was still proper even after Wenglicki obtained insurance.

Accordingly, the Court of Common Pleas erred in granting Wenglicki's appeal, and we must reverse the order reinstating Wenglicki's registration.

### ORDER

AND NOW, this 28th day of May, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

---

1. Our scope of review in the appeal from the suspension of a vehicle registration is limited to determining whether the trial court's findings are supported by substantial evidence, or whether the trial court committed an error of law or manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Hafele,* 158 Pa.Cmwlth. 493, 631 A.2d 1114 (1993).