**Elizabeth ENGLAND**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1996.

Decided Jan. 8, 1997.

---

William A. Kuhar, Jr., Assistant Counsel, and Timothy P. Wile, Assistant Counsel In-Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of Common Pleas of Bucks County, which sustained Elizabeth England's statutory appeal from a three month suspension of her vehicle's registration imposed by DOT under Section 1786 of the Vehicle Code.[1]

England owns a 1988 Saab coupe and, on April 27, 1995, DOT notified her that the registration for that vehicle was suspended for three months. DOT took that action because England's automobile insurance carrier, American International Insurance Co., notified DOT, by electronic transmission, that it had cancelled England's insurance policy, effective January 2, 1995.

England appealed that suspension to Common Pleas, which conducted a de novo hearing. At the hearing, DOT introduced into evidence a packet of documents, certified by the Director of DOT's Bureau of Driver Li-

censing, relating to the registration of England's vehicle. Among those documents was a computer printout containing "[d]ata received from the American International Insurance Company by means of electronic transmission ... certifying the termination of insurance coverage." (Certification at 1; Reproduced Record (R.R.) at 17a.) The printout included the following relevant information: the name of England's insurance company; the vehicle and title numbers for her car; the date of the termination of her automobile policy; and the reason the policy was terminated. England objected to the printout on the ground that it was hearsay and asserted that the information from the insurance carrier was not admissible as an official document or a business record and that DOT failed to introduce any evidence or witnesses to qualify that record. The hearsay argument was England's only defense to the suspension, and she did not offer any testimony or introduce any documents into the record.

Common Pleas concluded that the printout was hearsay and that DOT failed to present evidence qualifying that document under the business records exception. Common Pleas also concluded that the information DOT received from American Insurance was not an official record of DOT, and thus it could not be admitted as an official document. However, Common Pleas admitted the printout into the record for the limited purpose of demonstrating why DOT suspended England's registration. Therefore, because the only evidence demonstrating that England's insurance was cancelled was hearsay, Common Pleas sustained her appeal. This appeal by DOT followed.

DOT raises two issues for our review: (1) whether Section 1377(b) of the Code, 75 Pa. C.S. § 1377(b), is a statutory exception to the hearsay rule that permits the Department to introduce into evidence information received by electronic transmission from insurers;

---

1. Section 1786 of the Code, 75 Pa.C.S. § 1786, is as follows:

    (a) **General Rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

    . . . .

    (d) **Suspension of registration and operating privilege.**—[DOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter. . . .

and (2) whether Common Pleas capriciously disregarded competent evidence when it rejected the uncontradicted printout as hearsay.

■ We will begin by considering DOT's argument that the capricious disregard of competent evidence standard of review is applicable in this matter. In an appeal governed by the Administrative Agency Law (Law), 2 Pa.C.S. §§ 501–508, §§ 701–704, where both parties present evidence before an **administrative tribunal,** our standard of review is whether constitutional rights have been violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Law, 2 Pa.C.S. § 704. However, in a situation where (1) the party with the burden of proof is the only party to present evidence before an administrative body, **and** (2) that party loses, our standard of review is whether the tribunal capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988); *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987). Where the burdened party is the only party to present evidence and does not prevail, the substantial evidence standard of review in Section 704 of the Law falters, because it is impossible to find substantial evidence to support a position for which no evidence was introduced. *Russell.*

■ This Court, however, applies the capricious disregard standard only when reviewing decisions of administrative agencies under the Law, *Wanamaker v. Liquor Control Board,* 148 Pa.Cmwlth. 541, 611 A.2d 1368 (1992), and we have never extended it to a review of an appeal from an order of a court of common pleas.

The proper standard of review in this case is whether Common Pleas' findings of fact are supported by competent evidence and whether the court committed an error of law or a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984); *Department of Transportation, Bu-*

*reau of Driver Licensing v. Shepley,* 161 Pa.Cmwlth. 314, 636 A.2d 1270 (1994).

On the merits, DOT contends that the printout should be admissible under Section 1377 of the Vehicle Code and that it was not obligated to lay a foundation for the admission of that document under the business records exception to the hearsay rule. We agree.

Section 1377(b) of the Vehicle Code, 75 Pa.C.S. § 1377(b), establishes the following rule controlling DOT's use of insurance company data as evidence in an appeal of a vehicle registration suspension:

> **(b) Documentation.**—In any proceeding under this section, documents received by the department from a court or from an insurance company shall be admissible into evidence to support the department's case. In addition, if the department receives information from a court by means of electronic transmission or from an insurance company ... by means of electronic transmission, it may certify that it has received such information by means of electronic transmission, and that certification shall be prima facie proof ... of the facts contained in such an electronic transmission.

75 Pa.C.S. § 1377(b).

With regard to the business records exception to the hearsay rule, Pennsylvania has adopted the Uniform Business Records as Evidence Act, Section 6108 of the Judicial Code, 42 Pa.C.S. § 6108, which provides, in relevant part, as follows:

> **General Rule.**—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

In *Ploof v. Commonwealth,* 139 Pa. Cmwlth. 235, 590 A.2d 1318 (1991), *petition for allowance of appeal denied,* 530 Pa. 634, 606 A.2d 903 (1992), we held that a hearsay document, alleged to be inadmissible under

Section 6108 of the Judicial Code, was nonetheless admissible under a specific provision of the Vehicle Code. In *Ploof,* DOT recalled a licensee's driver's license based on information supplied in a letter drafted by the licensee's doctor reporting that the licensee suffered from alcoholism. After the court of common pleas denied his appeal of the recall of his driver's license, licensee appealed to this Court, arguing that the letter, which served as the basis for the recall, was hearsay and not admissible under the business records exception to the hearsay rule.

On appeal, we observed that, while the medical report was hearsay, Section 1519(b) of the Vehicle Code, 75 Pa.C.S. § 1519(b), expressly provides:

> [r]eports received by the department for the purpose of assisting the department in determining whether a person is qualified to be licensed ... may be admitted in proceedings [challenging the recall of the license]....

In light of the General Assembly's intent that medical reports be competent evidence in recall proceedings, *Klotz v. Commonwealth,* 77 Pa.Cmwlth. 134, 465 A.2d 113 (1983), the *Ploof* court held that the letter of licensee's doctor was admissible even though it was hearsay. Furthermore, we stated:

> Ploof argues strenuously that ... [the] letter is not admissible under the business records exception to the hearsay rule. Because we hold that the doctor's letter is admissible under Section 1519(b) of the Vehicle Code as evidence ..., it is not necessary to determine whether the letter is admissible under other exceptions of the hearsay rule.

*Ploof,* 590 A.2d at 1320.

In the present case, Section 1377(b) of the Vehicle Code allows DOT to admit into evidence information received from an insurance company via electronic transmission and provides that a certification by DOT that it received electronically transmitted information from an insurer constitutes prima facie proof of the facts in the transmission. Hence, following the reasoning in *Ploof,* we hold that information electronically transmitted by an insurance company to DOT is admissible under Section 1377(b), even if it is

hearsay and otherwise would be inadmissible under the business records exception, or any other exception to the hearsay rule.

Common Pleas, therefore, erred in concluding that the printout, containing electronically transmitted information from England's insurer that her automobile coverage was cancelled, was inadmissible hearsay. The information in that document was certified by DOT and, pursuant to Section 1377(b), constituted competent evidence that England's automobile insurance was cancelled. Therefore, because DOT produced competent evidence that England's insurance on her vehicle was cancelled, and because England produced no evidence at all in her defense, we hold that Common Pleas erred in sustaining England's appeal.

Accordingly, Common Pleas' order is reversed.

### ORDER

**AND NOW,** January 8, 1997, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.