Toni S. MORGAN

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF MOTOR VEHICLES, Ap-
pellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 11, 1997.
Decided Aug. 20, 1997.
Publication Ordered Oct. 6, 1997.

Timothy P. Wile, Assistant In-Charge,
Harrisburg, for appellant.

No appearance entered for appellee.

Before COLINS, President Judge, and
LEADBETTER, J., and JIULIANTE,
Senior Judge.

JIULIANTE, Senior Judge.

The Department of Transportation (De-
partment) appeals from the November 20,
1996 order of the Court of Common Pleas of
Clearfield County (trial court) sustaining
Toni S. Morgan's statutory appeal from the
Department's three-month suspension of the
registration of her 1994 Toyota Corolla.[1]  We
reverse.

By official notice dated and mailed March
11, 1996, the Department advised Morgan
that her vehicle registration privilege was
being suspended for three months as a result
of a lapse in insurance coverage.  (R.R. 7a.)
Pursuant to that notice, Morgan sent a
March 29, 1996 letter to the Department
requesting reconsideration of her registra-
tion suspension.  (R.R. 62–64a.) [2]

The court found that Morgan was advised
by her attorney's office that the Department

---

**1.** Under Section 1786(a) of the Motor Vehicle
Financial Responsibility Law (Law), "[e]very mo-
tor vehicle of the type required to be registered
under this title which is operated or currently
registered shall be covered by financial responsi-
bility."  75 Pa.C.S. § 1786(a).  The penalty for
failing to carry this coverage is set forth in Sec-
tion 1786(d) of the Law:

  (d)  **Suspension of registration and operating
  privilege.**—The Department of Transportation
  shall suspend the registration of a vehicle for a
  period of three months if it determines the
  required financial responsibility was not se-

cured as required by this chapter and shall
suspend the operating privilege of the owner
or registrant for a period of three months if the
department determines that the owner or reg-
istrant has operated or permitted the operation
of the vehicle without the required financial
responsibility.
75   Pa.C.S. § 1786(d).

**2.** Although the letter is dated March 29, 1995,
Morgan testified that the date should have been
1996.  (October 8, 1996 Hearing, N.T. 7–8; R.R.
19–20a.)

would act on her March 29th letter *prior* to the expiration of the thirty-day appeal period for filing her statutory appeal with the trial court.[3] Thus, in reliance on the information her attorney's office gleaned from the Department, Morgan did not file an appeal with the trial court until her April 15, 1996 petition for allowance of appeal nunc pro tunc. (R.R. 2–10a.) The trial court granted her petition, stating that it "was convinced that justice required that she be given an opportunity to be heard." (Trial Court's February 11, 1997 Opinion at 2.)

With regard to the merits of Morgan's statutory appeal, the trial court found that Morgan did not knowingly or intentionally *refuse to pay her insurance premium.* It reviewed Morgan's difficulties with her former husband in attempting to comply with the Department's January 19, 1996 request that she present proof of insurance within a specified time.[4] (Trial Court's February 11, 1997 Opinion at 3.) Thus, relying upon *Department of Transportation, Bureau of Driver Licensing v. Shepley,* 161 Pa.Cmwlth. 314, 636 A.2d 1270 (1994),[5] the court sustained Morgan's appeal on the merits.

■ The Department presents two issues for our review:[6] 1) whether the court erred in granting Morgan's petition for allowance of appeal nunc pro tunc; and 2) whether the trial court erred in permitting a collateral attack upon an insurance cancellation. Our scope of review of a trial court's order granting or denying a party leave to file an appeal nunc pro tunc is limited to determining whether the court abused its discretion or committed an error of law. *Kulick v. Department of Transportation, Bureau of Driver Licensing,* 666 A.2d 1148 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied,* 544 Pa. 616, 674 A.2d 1077 (1996).

■ The Department argues that the trial court erred in granting the petition for allowance of appeal nunc pro tunc because Morgan's misreading of the reconsideration lan-guage in the March 11, 1996 registration suspension notice and reliance on the information from her attorney's office regarding the speed with which the Department would review her reconsideration letter did not amount to a breakdown in the administrative process sufficient to permit allowance of an appeal nunc pro tunc. We agree.

As the trial court notes in its opinion, Morgan bore the burden of establishing that she failed to file a timely appeal as a result of extraordinary circumstances involving fraud or breakdown in the administrative or judicial process. *Kulick.* Here, the court found as a fact that the Department led Morgan to believe that she would receive a response to her request for reconsideration prior to the expiration of the appeal period. (October 8, 1996 Hearing, N.T. 24–25; R.R. 36–37a.) From that finding, the court determined that Morgan established an administrative breakdown sufficient to prove grounds for allowance of an appeal nunc pro tunc. We conclude that the court erred in finding an administrative breakdown.

A secretary from the attorney's office representing Morgan, Linda Ziembo, testified that she called the Department to check on the status of the March 29, 1996 letter for reconsideration. The court accepted her testimony that a Department representative advised her that Morgan probably would get a response to her letter prior to the expiration of the thirty-day appeal period. (N.T. 22; R.R. 34a.) Nowhere in the record, however, does it indicate that the Department advised Ziembo that the March 29, 1996 letter would toll the thirty-day appeal period and the court did not make a finding to that effect. Thus, we conclude that the court erred in finding an administrative breakdown and that it had no jurisdiction to entertain Morgan's appeal. *Department of Transportation, Bureau of Traffic Safety v. Warenczuk,* 160 Pa.Cmwlth. 6, 636 A.2d 1225 (1991), *aff'd,* 534 Pa. 623, 633 A.2d 1167 (1993), *cert. de-*

---

3. Section 5571(b) of the Judicial Code, 42 Pa. C.S. § 5571(b).

4. (R.R. 60a.)

5. On March 17, 1997, approximately a month after the trial court issued its February 11, 1997 decision, we overruled *Shepley.*

6. In a July 8, 1997 order, this Court precluded Morgan from filing a brief in this matter.

*nied,* 511 U.S. 1092, 114 S.Ct. 1854, 128 L.Ed.2d 478 (1994).

Although we need not reach the Department's second issue, we note that Morgan should have lost on the merits as well. This Court overruled *Shepley,* the case relied upon by the trial court, in *O'Hara v. Department of Transportation, Bureau of Motor Vehicles,* 691 A.2d 1001 (Pa.Cmwlth.1997). In *O'Hara* we cited with approval the following language from *Stone v. Department of Transportation, Bureau of Driver Licensing,* 166 Pa.Cmwlth. 643, 647 A.2d 287 (1994):

> While we ... have sympathy for [the insured's] predicament, we agree with [the trial court] that the [Law] is clear. [DOT] is required to suspend the operating privilege of the owner or registrant of a vehicle, when [DOT] determines that that person has operated the vehicle without insurance. *There is no requirement that [DOT] establish that the person was at fault or that the person intended to operate the vehicle without insurance. Neither is [DOT] required to prove that the owner or registrant actually received notice of an imminent lapse of insurance.*

647 A.2d at 288 (emphasis added). In addition, we concluded that a vehicle owner's exclusive remedy for an allegedly improper insurance cancellation is under the Insurance Act [7], and that "[i]f the insured does not challenge the termination of insurance, the insured has waived that issue." *O'Hara,* 691 A.2d at 1004.

Accordingly, we reverse the trial court's order and direct the Department to reinstate the three-month registration suspension of the 1994 Toyota Corolla.

### ORDER

AND NOW, this 20th day of August, 1997, the order of the Court of Common Pleas of Clearfield County dated November 20, 1996 is hereby reversed.

7. Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11.