# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steve A. Frempong, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1253 C.D. 2022 |
| | : | |
| | : | |
| The Board of Revision of Taxes | : | Submitted: June 4, 2024 |

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                        FILED:  July 9, 2024

Steve A. Frempong (Appellant), appearing *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) entered on October 24, 2022, denying his "Motion to File *Nunc Pro Tunc*."  For the reasons that follow, we affirm.

## BACKGROUND

On August 23, 2022, the City of Philadelphia Board of Revision of Taxes (BRT) issued a Notice of Decision, denying Appellant's "*Nunc Pro Tunc* Market Value Appeal" related to real property located at 2030 Rittenhouse Street, Philadelphia, Pennsylvania.  Appellant, through correspondence to the BRT, sought approval of his request to reinstate his untimely appeals of previous City of Philadelphia tax determinations for the 2016-2017 and 2019-2022 tax years.  The

BRT reviewed the reinstatement request in August of 2022 without conducting a hearing.

On August 23, 2022, the BRT mailed the Notice of Decision to Appellant's reported mailing address of record at P.O. Box 20856, Philadelphia, PA 19138, notifying him that his request for relief was denied. The Notice of Decision contained detailed instructions advising Appellant of the 30-day time limit within which to file an appeal with the trial court. The 30-day period expired on September 22, 2022. Trial Court Opinion at 2.

On September 23, 2022, one day after the appeal deadline, Appellant filed a "Motion to File *Nunc Pro Tunc*" (Motion) with the trial court. The Motion acknowledged that Appellant received the Notice of Decision from the BRT at the correct address but alleged that the United States Postal Service (U.S. Postal Service) failed to deliver the Notice of Decision before September 23, 2022. In the Motion, Appellant also complained of the ongoing receipt of incorrect mailings but offered no proof of the assertion. Trial Court Opinion at 2.

On September 26, 2022, Appellant filed a "Supplemental Brief," which reiterated his claims and included a letter dated March 24, 2022, that had ostensibly been written by Appellant to a U.S. Postal Service manager. The letter contained Appellant's litany of complaints concerning the continuing late service of Appellant's mail. Trial Court Opinion at 2.

The trial court scheduled oral argument and an evidentiary hearing. The trial court described the proceeding as follows:

> During [the] hearing, [Appellant] incredibly testified that he had not received the BRT's Notice of Decision and Denial until Friday[,] September 23, 2022. He further unconvincingly testified that he routinely visits his U.S. Post Office Box every Monday, Wednesday, and Friday.

2

> In response, Senior Deputy Steven A. Wakefield, Jr., Esquire, on behalf of the City of Philadelphia[,] contended that [Appellant's] request to reopen untimely review of the BRT's decision should be denied because [Appellant] had failed to credibly establish an administrative breakdown necessary to grant a *nunc pro tunc* appeal.
>
> Mr. Wakefield effectively negated Appellant's bald assertion that he had lacked comprehension of the appellate rules and procedures by referencing Appellant's extensive history as a litigant against the City of Philadelphia in civil matters related to several of his properties involving his non-payment of taxes and utility bills, within the [trial court], and of his repeated requests for appellate review in the Commonwealth Court and Superior Court of Pennsylvania.

Trial Court Opinion at 2-3 (internal citations and footnotes omitted).

On October 24, 2022, the trial court entered an order denying Appellant's Motion with prejudice. In its opinion in support of the October 24, 2022 order, the trial court emphasized that *nunc pro tunc* relief is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances. Trial Court Opinion at 4. "[A] court may grant *nunc pro tunc* relief only when a petitioner establishes (1) there was fraud, (2) a breakdown in the court's operations, or (3) a non-negligent happenstance which prevented [the appellant] from filing a timely appeal." *Id.* at 5 (internal footnotes omitted). The trial court found that Appellant had not alleged that his untimely filing was the result of fraud or an administrative breakdown. Further, Appellant had not alleged that BRT failed to mail the Notice of Decision on August 23, 2022.

> Instead, Appellant singularly surmised that the U.S. Postal Service had somehow failed to timely deliver the subject notice to his chosen post office box and that this late notice must have caused his untimely filing of his appeal of the BRT's Notice of [Decision].

3

*Id.* at 5.

Citing to this Court's decision in *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016), the trial court noted that an appellant claiming that he failed to file a timely appeal because he did not receive notice of his appellate rights in the mail must overcome the presumption that once a letter is mailed, it is received in a timely manner. The trial court stated:

> This rebuttable presumption, or "Mailbox Rule[,]" contains two component presumptions, (1) the presumption of the regularity of the acts of public officials, which establishes that a public official had placed an item into the mail; and (2) the presumption of receipt, which establishes that a properly mailed letter to the last known address of the addressee which is not returned undelivered by the postal authorities was timely received by the addressee. [] Each presumption is applied separately, and the presumption of prompt delivery does not apply until the agency provides evidence that [it] mailed the letter. [] However, once applicable, a petitioner cannot overcome any of these presumptions by merely denying receipt of the letter.

Trial Court Opinion at 6 (internal citations omitted). Here, the trial court observed, Appellant acknowledged receipt of the BRT's Notice of Decision in the mail at the correct address, albeit later; thus, it was self-evident that BRT had mailed the Notice of Decision to the correct address. Appellant then bore the burden to overcome the presumption that he received the Notice of Decision in the mail. The trial court found that Appellant failed to offer any evidence to support his claim that he received the Notice of Decision approximately one month after it was mailed. Moreover, Appellant did not deny that the BRT had mailed the Notice of Decision on or about August 23, 2022, nor did he provide a timestamped envelope to dispute this fact.

> Instead, [Appellant] offered baseless assumptions that the U.S. Postal Service must have not delivered the notice in time for him to appeal. At most, [Appellant] demonstrated that he had once complained to a U.S. Postal Service manager about prior delays in the mail. This past complaint however has no bearing upon whether the U.S. Postal Service had failed to timely deliver the August 23, 2022 [Notice of Decision].

Trial Court Opinion at 6-7 (internal footnote omitted). Accordingly, the trial court held there were no non-negligent circumstances warranting the grant of *nunc pro tunc* relief.

Appellant filed a timely notice of appeal to this Court.

## ISSUES

On appeal to this Court, Appellant asserts that the trial court erred in denying his Motion seeking to the appeal the BRT decision *nunc pro tunc*.[1]

## DISCUSSION

A party must strictly adhere to the statutory provisions for filing an appeal, and the time for taking an appeal will not be extended as a matter of grace or mere indulgence. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). An appeal *nunc pro tunc* will be allowed where the appeal was untimely filed due to fraud or a breakdown in the administrative process. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). *Nunc pro tunc* relief can also be granted where an appeal is untimely due to non-negligent circumstances as they relate to the appellant or the appellant's counsel, where the appellant's notice of appeal was filed shortly after the expiration date, and where the appellee is not prejudiced by delay. *Criss*, 781 A.2d

---

[1] Our review of a trial court's order granting or denying a party leave to file an appeal *nunc pro tunc* is limited to determining whether the court abused its discretion or committed an error of law. *Morgan v. Dep't of Transp., Bureau of Motor Vehicles*, 702 A.2d 1, 2 (Pa. Cmwlth. 1997).

at 1159. A *nunc pro tunc* appeal in non-negligent circumstances only applies in "unique and compelling cases" in which the appellant establishes that it attempted to file an appeal but was precluded from doing so by "unforeseeable and unavoidable events[.]" *Id.* at 1160. In addition, the appellant must demonstrate that the delay in filing is not attributable to the appellant's negligence. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

The Mailbox Rule dictates that when a determination is mailed to an individual's last known address and is not returned as undeliverable, "there is a presumption of the regularity of administrative acts of public officials which the [fact finder] may invoke in reaching a determination that the [individual] did have proper notice." *Gaskins v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). Merely denying receipt of a determination is not sufficient to defeat the presumption. *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

Appellant's argument before this Court largely mirrors the one he made before the trial court.[2] Appellant reiterates that the U.S. Postal Service's late delivery of the BRT's Notice of Decision constituted a non-negligent circumstance warranting *nunc pro tunc* relief. Appellant argues that the trial court's conclusion that the Notice of Decision was mailed on August 23, 2022 is unsupported by the record and notes that the BRT did not present any evidence in this regard.

In response, the BRT argues that the trial court properly denied Appellant's request for *nunc pro tunc* relief. As a threshold matter, the BRT argues that there is no dispute that the Notice of Decision was mailed. Appellant admitted

---

[2] Intertwined in Appellant's merits arguments are challenges to the BRT's Notice of Decision. Because the only order on appeal to this Court is the trial court's October 24, 2022 order denying Appellant's request for *nunc pro tunc* relief, we will not address these arguments.

as much when he stated the following in his Motion, "[Appellant] did not receive [the] BRT's decision until today 9/23/22 when he went to the Post Office . . . ." Reproduced Record (R.R.) at 23a. Furthermore, Appellant never alleged that the Notice of Decision's mailing date was a date other than August 23, 2022, or, for that matter, produce an envelope showing a mailing date other than August 23, 2022. The BRT argues that the reasonable inference to be drawn from these facts is that the Notice of Decision was mailed on August 23, 2022.

We agree with the BRT that the trial court correctly concluded that non-negligent circumstances did not prevent Appellant from filing a timely notice of appeal and that, therefore, he was not entitled to *nunc pro tunc* relief. Important here, Appellant did not allege that the BRT failed to mail the notice at all. If that was the case, the facts of this action would fall squarely within the holding of *Douglas*.[3] Rather, Appellant asserted that, due to an alleged mail delay, he did not receive the Notice of Decision until three days after the last day to appeal.

Clearly, the facts of this case reflect that the trial court did not err when it applied the Mailbox Rule. By Appellant's own admission, it is apparent that the Notice of Decision was mailed; thus, it became Appellant's burden to overcome the presumption of receipt. He failed to do so. Although Appellant postulated that the U.S. Postal Service did not deliver the Notice of Decision in time for him to appeal, the trial court found his testimony baseless and lacking in merit. As the trial court is the fact finder, we are bound by its findings and credibility determinations. *Twp.*

---

[3] In *Douglas*, the Unemployment Compensation Board of Review (Board) relied on the Mailbox Rule to reach the conclusion that a claimant filed an untimely appeal from a Service Center determination. This Court held, however, that the Board erred in applying the Mailbox Rule because the claimant, in addition to contending that she did not receive the Service Center determination, also argued that the determination *was not mailed*; thus, the claimant disputed the basis giving rise to the presumption that she received notice. *Douglas*, 151 A.3d at 1193.

*of Cranberry v. Spencer*, 249 A.3d 9, 22 (Pa. Cmwlth. 2021). Equally important is the fact that Appellant failed to present evidence that the Notice of Decision was mailed on a date other than August 23, 2022. In the absence of such evidence, Appellant is bound by the presumption of receipt set forth in the Mailbox Rule.[4]

## CONCLUSION

The record does not reflect that Appellant overcame the presumption of receipt set forth in the Mailbox Rule. As a result, he failed to prove that non-negligent circumstances prevented him from filing a timely notice of appeal.

Accordingly, the order of the trial court is affirmed.[5]

_____
MATTHEW S. WOLF, Judge

---

[4] We reject Appellant's argument that the BRT's failure to answer the Motion resulted in admission of all the Motion's averments. The Motion is not a pleading as that term is used in the Pennsylvania Rules of Civil Procedure. A failure to deny averments to which a *pleading* is required has the effect of an admission. Pa.R.Civ.P. 1029(a)-(b).

[5] In reaching this decision, we conclude that Appellant's assertions that he suffered violations of due process and of his constitutional rights are entirely without merit. The record does not demonstrate that any such violations occurred. We need not address this issue further.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steve A. Frempong,          :
           Appellant     :
                             :
        v.               :    No. 1253 C.D. 2022
                             :
                             :
The Board of Revision of Taxes     :

# **O R D E R**

AND NOW, this 9th day of July, 2024, the Order of the Court of Common Pleas of Philadelphia County entered on October 24, 2022, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge